## AFFIDAVIT OF SEAN E. BALCOM

I, Sean E. Balcom, being duly sworn, depose and state as follows:

1.  On March 16, 2004, I submitted an Affidavit in support of a complaint and arrest warrants pertaining to CHRISTOPHER CUSTER, CARMEN FIGUEROA, DESIREE ALVES and WILLIAM TEJEDA, alleging a conspiracy to possess with intent to distribute, and to distribute, cocaine, in violation of 21 U.S.C. Section 841(a)(1) and Section 846. The Affidavit also was submitted in support of search warrants. A copy of the Affidavit is attached hereto as Exhibit A and incorporated herein in its entirety (hereinafter the "March 16 Affidavit").

2.  I submit this Affidavit in support of a criminal complaint charging JENNIFER PAVAO ("PAVAO") and CATALIN M. CANELO ("CANELO"), with conspiracy to possess with intent to distribute, and to distribute, cocaine, in violation of 21 U.S.C. Section 841(a)(1) and Section 846. For the reasons set forth below, I believe that there is probable cause to believe that PAVAO and CANELO have committed the said violations in the District of Massachusetts and elsewhere.

3.  I have included in the Affidavit only those facts which I believe establish the requisite probable cause for the issuance of the requested complaint and warrants. These facts are either personally known to me, or have been related to me by other federal, state, or local law enforcement officers or employees.

The information contained in this Affidavit is submitted for the sole purpose of supplying probable cause for the issuance of the requested complaint and warrants. Accordingly, this Affidavit does not contain all of the information known to me regarding this criminal investigation.

4. As set forth in my March 16, 2004, Affidavit, PAVAO appears to be the girlfriend of Christopher Custer ("CUSTER"). As set forth in paragraphs 22 through 27, PAVAO and CUSTER traveled to New York City together in order to pick up a quantity of cocaine. During another trip by CUSTER on January 22, 2004, CUSTER's rental vehicle was observed at PAVAO's residence at 153 Bacon Road prior to his traveling to New York to meet with the source of supply. On February 3, 2004, PAVAO was observed driving CUSTER to a narcotics transaction.

**EVENTS OF MARCH 16, 2004**

5. On March 15, 2004, MENDES and CUSTER had a conversation in which Mendes told CUSTER that he was "about to call this kid," and that he [Mendes] would call CUSTER later that evening. Mendes also stated "probably tomorrow, man." Later that evening, at approximately 7:36 p.m., Mendes and CUSTER spoke. Mendes told CUSTER "I got the other thing for you to do in the morning." The two also spoke about money.

6. On March 16, 2004, CUSTER's mother, June Bettencourt, rented a motor vehicle from Avis car rental. The rental vehicle,

which was an Oldsmobile Alero ("Alero"), had previously been equipped with a global positioning system ("GPS"). The Alero was driven to CUSTER's residence at 18 Murphy Road. It was later observed at 299 Camp Street, which I know to be ALVES' residence. Surveillance observed CUSTER and a female in the Alero, who was later confirmed to be PAVAO. The Alero thereafter departed and headed off the Cape.

7. In New York City, surveillance was established in the vicinity of 1234 Boston Road, Bronx, New York, which was where TEJEDA and CUSTER met on February 17, 2004. TEJEDA arrived driving at 1234 Boston Road in a red van (this van had previously been observed in this investigation). He initially entered, and then exited, the apartment building, and eventually entered a Toyota Camry being driven by CANELO.[1] CANELO and TEJEDA proceeded to drive from the Bronx to Manhattan. The Camry eventually pulled over on 43rd Street, at which time TEJEDA exited and began to walk away from it toward Madison Avenue..

8. At or around the same time, information on the GPS indicated that CUSTER and PAVAO were likewise traveling to Manhattan, in the area of 42nd Street. Law enforcement observed the Alero, being driven by CUSTER with PAVAO as the passenger, pull over in the area of 42nd Street and Madison Avenue. CUSTER

---

[1] At the time, CANELO was unidentified. Her identity was learned after her arrest.

3

eventually exited the car, carrying a black bag which appeared to be similar to a black bag he was carrying on February 17, 2004, and began walking west on 42nd Street. At one point, CUSTER crossed over 42nd Street and was subsequently lost from view in a crowd of people.

9. Approximately ten minutes later, law enforcement next observed the Camry on 43rd Street with three occupants. The car was traveling slowly westbound on 43rd Street and made a right onto Madison Avenue. At mid-block, the car pulled over and law enforcement observed Tejeda exit the front passenger seat of the car and CUSTER exit the back seat. CUSTER reentered the front seat. Tejeda proceeded to walk down the street and was observed holding a small plastic bag. The Camry, which was still being driven by CANELO, proceeded to drive down Madison Avenue and was eventually stopped four blocks later. CUSTER was sitting in the passenger seat with a small black knapsack was next to him. CANELO stated the bag was CUSTER's and CUSTER denied ownership. The black bag contained two, circular, disc shaped packages wrapped in a tan wrapping material (later field tested to be cocaine). The glove compartment of the vehicle contained an undetermined sum of money wrapped in what appeared to be a black plastic shopping bag. Another sum of money was unwrapped on top of this bag.

10. At or around the same time the Camry was observed,

4

PAVAO was observed driving the Alero east on 42nd Street. The GPS information indicated that the vehicle was circling the area. Following the arrest's of CUSTER and CANELO, PAVAO was located (still in Alero) in the area and was arrested by SA Millar. Subsequent to the arrest, PAVAO stated she was in New York to shop.

    11. In a post arrest statement, CANELO admitted that the Camry belonged to her sister and that she drove TEJEDA from the Bronx to Manhattan. She denied having knowledge of a drug transaction, but stated she was driving TEJEDA to work.

    12. The two oval discs contained in the black knapsack field tested positive for approximately 500 grams of cocaine.

    13. Based on the foregoing, there is probable cause to believe that the individuals currently identified as JENNIFER PAVAO and CATALIN M. CANELO unlawfully, knowingly and intentionally conspired with each other and with others, known and unknown, to distribute cocaine, a Schedule II controlled substance, between in or around March 15 through March 16, 2004, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

Signed under the pains and penalties of perjury this __17__ day of March, 2004.

*[signature: Sean Balcom]*
SEAN E. BALCOM
Task Force Agent
Drug Enforcement Administration

Sworn to and subscribed before me this __17th__ Day of March, 2004.

*[signature: Judith Gail Dein]*
JUDITH GAIL DEIN
United States Magistrate Judge